IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY M. BROCK, | : | CIVIL NO. 4:04-CV-2080 |
| Plaintiff, | : | (Judge Jones) |
| v. | : | |
| JOANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | (Magistrate Judge Blewitt) |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**August 17, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On or about April 9, 2003, Plaintiff Tiffany M. Brock ("Plaintiff" or "Brock"), filed a formal application for social security disability insurance benefits based upon assertions that she had been disabled since October 7, 2002 due to fibromyalgia, gastroesophageal reflux dystrophy, fatigue, pain, endometriosis, allergies, hypothyroidism, a history of torn cartilage in her left wrist, an injury to her foot, abdominal pain, gallbladder distension, dilation of her stomach, cervical strain status, left shoulder and left arm neuropathic pain radiating down to her fingertips.  After Plaintiff's claim was denied initially, an administrative hearing was held on May 25, 2004.  Plaintiff was denied benefits by the Administrative

Law Judge ("ALJ") pursuant to the decision of June 24, 2004. (See Reproduced Record ("R.R.") at 12-19). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the decision of the ALJ the final decision of the Commissioner. (See R.R. at 4-5).

Plaintiff filed the instant action in the United States District Court for the Middle District of Pennsylvania on September 20, 2004. (See Rec. Doc. 1). The case was referred to United States Magistrate Judge Thomas Blewitt for review.

On July 19, 2005 the Magistrate Judge issued a Report recommending that Plaintiff's appeal be denied and this case dismissed. (Rec. Doc. 19). Objections to the Magistrate Judge's Report were due August 3, 2005 and to this date none have been filed. This matter is therefore ripe for disposition.

**FACTUAL BACKGROUND:**

The Magistrate Judge provided a detailed account of the factual background in his Report. To summarize, Plaintiff was twenty-eight years old at the time of the ALJ's decision, obtained a high school education, and was, at the time of hearing, attending college at Mansfield University. She had previously worked as an administrative assistant and as a receptionist from 1995-2002. (See R.R. at 34-35, 47; see also Rep. & Rec. at 5). Plaintiff testified that she was unable to work because of a number of health problems, but that fibromyalgia caused her the most

difficulty.  (See R.R. at 35).  Plaintiff was also diagnosed with endometriosis, acid reflux, allergies, hypothyroidism, torn cartilage in her left wrist and a possible tear in her foot.  See id. at 36-41; (Rep. & Rec. at 5).   The ALJ found that when considered in combination, Plaintiff's impairments were severe.  (R.R. at 13; Rep. & Rec. at 5).  The ALJ also found that the Plaintiff retained the residual capacity to perform her past relevant work as an administrative assistant and receptionist.

A vocational expert, Carmina Abraham ("VE"), testified that a person of Plaintiff's age, education, and work experience who is able to perform light work with certain described limitations, would be able to perform Plaintiff's past work.  (R.R. at 51; Rep. & Rec. at 19).

## STANDARD OF REVIEW:

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate.  See Thomas v. Arn, 474 U.S. 145, 151-52(1985).  In an appeal of the denial of Social Security Benefits, our review of the Magistrate Judge's report and the issues contained therein is governed not only by that principle but also by 42 U.S.C. § 405(g).  In such cases our review is less than plenary.  A decision of the Commissioner which is supported by substantial evidence must be affirmed.  See Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter s. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). Therefore, a reviewing court must scrutinize the record as a whole. See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Dobrowolosky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

**DISCUSSION:**

The Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled. This process requires the Commissioner to consider, in sequence: (1) whether the claimant is engaged in substantial gainful

activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairments meet or equal a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work.  See 20 C.F.R. § 404.1520; see also 20 C.F.R. § 416.920.

In applying the foregoing, the ALJ determined the following:  that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of her disability; that Plaintiff's various ailments are considered "severe" within the meaning of the Regulations; but that these impairments were not severe enough to meet or equal the criteria for establishing disability under the listed impairments set forth in the Regulations.  (See Rep. & Rec. at 4).  Furthermore, the ALJ determined that the Plaintiff had residual function capacity to perform her past relevant work as an administrative assistant and receptionist.  The VE defined this work as light, and semi-skilled in nature.  She further testified that sufficient jobs of this type exist in the local economy.

Magistrate Judge Blewitt reviewed the administrative record and concluded that the ALJ's decision was supported by substantial evidence.  First, the Magistrate Judge found that proper deference had been granted to Plaintiff's treating physicians because they in fact had not found her to be continuously

5

disabled for the appropriate twelve month period.  Second, the Magistrate Judge found that the ALJ properly considered the entirety of the Plaintiff's testimony in reviewing her application for disability benefits.  Third, the Magistrate Judge concluded that the ALJ did properly consider the Plaintiff's insufficient commitment to being employed in light of the relevant case law.  Finally, Magistrate Judge Blewitt found that the ALJ's hypothetical question posed to the VE was proper and accurately portrayed all of Plaintiff's conditions that were supported by the medical evidence.

Our review of this case confirms the Magistrate Judge's determinations and we have not been presented with any reason to revisit them.  Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and, because no objections have been filed, we will adopt the Magistrate Judge's findings as our own.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Rec. Doc. 19) filed on July 19, 2005, is adopted in toto.

2. Consistent with Magistrate Judge Blewitt's Report and Recommendation, Plaintiff's complaint (Rec. Doc. 1) shall be

        dismissed.

3.      The Clerk of Court shall close the file on this case.

                                                <u>s/ John E. Jones III</u>
                                                John E. Jones III
                                                United States District Judge